UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA,

v.   **ORDER**

EDWIN JUNIOR GALLARDO-ORTIZ,   6:22-CR-06114 EAW

Defendant.
_____

Pending before the Court is a *pro se* motion filed by defendant Edwin Junior Gallardo-Ortiz ("Defendant") for the return of certain forfeited property. (Dkt. 49). Defendant seeks the return of a 2014 Jeep Grand Cherokee bearing VIN 1C4RJFBG7EC131224 ("2014 Jeep"), which was seized at the time of his arrest on September 1, 2021. (*See* Dkt. 49; Dkt. 52). Defendant cites 28 C.F.R. 9.3(j) as the basis for seeking the return the of the 2014 Jeep. (Dkt. 49 at 1). The government opposes the motion. (*See* Dkt. 52). For the reasons below, Defendant's motion for the return of the 2014 Jeep is denied. (Dkt. 49).

By way of background, on September 7, 2022, Defendant waived indictment and pleaded guilty to a one-count information charging a narcotics conspiracy in violation of 21 U.S.C. § 846. (Dkt. 33; Dkt. 34; Dkt. 35; Dkt. 37). As part of his plea agreement, Defendant admitted driving around Rochester, New York with what he believed was cocaine in the 2014 Jeep. (Dkt. 37 at 3-4). Defendant was represented in his case by attorney Maurice J. Verrillo. According to the Declaration of Vicki L. Rashid, Forfeiture Counsel for the Drug Enforcement Administration (DEA) ("Rashid Decl."), the 2014 Jeep

at issue was administratively forfeited to the DEA on May 4, 2023.  (*See* Rashid Decl., Dkt. 52-1 at 6, 34; *see also* Dkt. 52 at 3).

Where an administrative forfeiture proceeding has been completed, 18 U.S.C. § 983(e) provides "the exclusive remedy for seeking to set aside a declaration of forfeiture under a civil forfeiture statute." *United States v. Brome*, 942 F.3d 550, 552 (2d Cir. 2019) (citation omitted); *see also Harper v. United States*, No. 15 Civ. 4833 (CBA) (VMS), 2016 WL 4994996, at *7 (E.D.N.Y. Aug. 3, 2016) (explaining that "[b]ecause administrative forfeiture proceedings in Plaintiff's case are complete, his only possibl[e] remedy is a motion to set aside the DEA's declaration of forfeiture under CAFRA," and construing the plaintiff's complaint as a motion to set aside forfeiture under CAFRA[1]), *adopted*, 2016 WL 4995077 (E.D.N.Y. Sept. 19, 2016).  The only claim a court may consider on such a motion is whether the movant received adequate notice.  *United States v. Cobb*, 646 F. App'x 70, 72 (2d Cir. 2016) (explaining that while a federal court lacks jurisdiction to review the merits of an administrative forfeiture decision once the forfeiture process has commenced, federal courts retain jurisdiction to determine whether the agency followed the proper procedural safeguards in forfeiting the property, and CAFRA limits this review to the issue of adequate notice only); *Mikhaylov v. United States*, 29 F. Supp. 3d 260, 271 (E.D.N.Y. 2014) ("a Section 983(e) motion narrowly addresses whether the moving party had reasonable notice or other knowledge of the seizure").  Accordingly, the Court construes

---

[1] "CAFRA" stands for the Civil Asset Forfeiture Reform Act of 2000, Pub. L. No. 106-185, 114 Stat. 202.

Plaintiff's request as one to set aside the completed administrative forfeiture of the 2014 Jeep under 18 U.S.C. § 983(e).[2]

The government has submitted evidence establishing that on October 29, 2021, the DEA sent, by certified mail and return receipt requested, written notice of the 2014 Jeep's seizure and the pending administrative forfeiture to Defendant at both his former address and where he was housed at the Monroe County Jail.  (*See* Rashid Decl., Dkt. 52-1 at 3-4).  Both notices were accepted on November 1, 2021.  (*Id.*).  In addition, notice of the seizure of the 2014 Jeep and its pending forfeiture was published on www.forfeiture.gov, for 30 consecutive days between November 15, 2021, and December 14, 2021.  (*Id*. at 4).  Both the internet posting and mailed notices explained the options for filing a claim and the deadlines for doing so, and the option for filing a petition for remission or mitigation of the forfeiture.  (*Id*. at 4-5).

On December 2, 2021, the DEA received a *pro se* petition for remission or mitigation of forfeiture regarding the 2014 Jeep from Mr. Verrillo on behalf of Defendant (*id*. at 5), which demonstrates that Defendant received the aforementioned notices of forfeiture.  The DEA acknowledged receipt of the petition for remission on December 9, 2021, but denied the petition on June 28, 2023.  (*Id*. at 5-6).  The denial response, which

---

[2] To the extent Plaintiff attempts to assert a claim for return of the 2014 Jeep under Rule 41(g) of the Federal Rules of Criminal Procedure, any such claim would fail, including because "a Rule 41(g) motion cannot be used to collaterally attack an administrative forfeiture proceeding in which the aggrieved party has been given notice and the opportunity to assert a claim." *United States v. Rivera-Banchs*, No. 20-CR-6046-EAW-MJP, 2020 WL 2183098, at *2 (W.D.N.Y. May 6, 2020) (quotations and citations omitted).

was sent to Mr. Verrillo, included an option to file a request for reconsideration, and it was acknowledged received on July 3, 2023.  (*Id*. at 6).  The record does not reflect that Defendant sought reconsideration of the DEA's denial of his petition for remission or mitigation.

Based on the above, the Court finds that the government has presented sufficient evidence that it complied with the proper procedural safeguards in forfeiting the 2014 Jeep—including that Defendant was properly notified of the DEA's forfeiture proceeding—and therefore Defendant cannot obtain relief pursuant to 18 U.S.C. § 983(e).  Defendant has identified no deficiencies in the government's compliance with the notice requirements of the administrative forfeiture process.  Rather, Defendant states in conclusory fashion that he submitted inquiries about the 2014 Jeep to the DEA, to which the DEA did not respond.  But as explained above, that claim is significantly undercut by the evidence submitted by the government.  With no evidence that the government failed to provide the proper notice requirements in administratively forfeiting the 2014 Jeep, Defendant's motion for return of property (Dkt. 49) is denied.

SO ORDERED.

_____
ELIZABETH A. WOLFORD
Chief Judge
United States District Court

Dated: July 15, 2024
       Rochester, New York